BRUNSWICK–BALKE–COLLENDER CO. v. KLUMPP et al.

(Circuit Court of Appeals, Second Circuit. May 17, 1904.)

No. 184.

1. PATENTS—INVENTION—BOWLING APPARATUS.
   The Reisky patent, No. 599,447, claim 1, for an improvement in bowling apparatus, which consists of a specially constructed runway for the return of the balls, since the filing of a disclaimer of the feature of using a double incline, is void on its face, for lack of patentable invention.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 126 Fed. 765.

This cause comes here upon appeal from a decree of the Circuit Court, Southern District of New York, sustaining a demurrer to the complainant's amended bill, and dismissing the same. The decision below is reported in 126 Fed. 765.

J. C. Clayton, for appellants.

Harold Binney and S. L. Moody, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The suit was brought upon letters patent No. 599,447, granted February 22, 1898, to complainant, as assignee of Emil Reisky, for "improvement in bowling apparatus." It was heard upon pleadings and proofs, and the bill dismissed for lack of patentable invention. Appeal was taken to this court, and decree was reversed. Our opinion is reported in 111 Fed. 904, 50 C. C. A. 61. It sufficiently sets forth the specifications and the claim in controversy. We concurred with the judge who heard the cause in the conclusion that the "improvement" was one which should have been obvious to an ordinary skilled mechanic, but were constrained by the testimony to hold that there was patentable invention. That testimony is set forth in the opinion. It showed that the desirability of retarding the ball as it neared the home terminal of the returnway had been appreciated for many years; that many different devices to secure that result had been suggested, but that apparently no one of those who sought to secure the result had adopted the seemingly obvious one of making the ball reach the home terminal on an up grade. Had any such method been disclosed in the earlier art, the original decision would have been affirmed. It now appears that, apprehending proof of such a structure antedating the patent, the patentee has filed a disclaimer which recites that in the prior art there were ball returnways with "an upgrade near the player's end, merging into the terminal," and disclaims such part of the claim "as would include a returnway by which the homing of the ball was not accelerated." The bill presents the disclaimer as well as the patent, and, with the concession that in the prior art the returning ball had been retarded by an up grade, the case may properly be disposed of on demurrer; and, for the reasons set forth in our former opinion, we have reached the conclusion that the patent discloses no patentable invention, except possibly as to minor details of construction, which are subject of other claims, not here in controversy.

The decree is affirmed, with costs.